Vitaly Evgenievich Pilkin
Plaintiff *Pro Se*
1/1, Vereskovaya Street, apartment 111,
Moscow, 129329,
Russian Federation,
Phone: +79852225545
E-mail: vitalypilkin@gmail.com

FILED
MAR 01 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALY EVGENIEVICH PILKIN<br>Plaintiff,<br>v.<br>GOOGLE LLC<br>Defendant. | Case No. CV21 1483<br><br>**COMPLAINT**<br>**FOR COPYRIGHT INFRINGEMENT** |

Vitaly Evgenievich Pilkin on his own behalf files this Complaint against the above captioned defendant, respectfully alleging as follows:

**THE PARTIES**

**Plaintiff:**

1. **Plaintiff Vitaly Evgenievich Pilkin** (hereinafter referred to as **Vitaly Pilkin or Plaintiff or the copyright owner**) is a natural person and citizen of the Russian Federation, residing in the Russian Federation at the address: 1/1, Vereskovaya Street, apartment 111, Moscow, 129329, Russian Federation, e-mail: vitalypilkin@gmail.com, phone number is +79852225545.

2. **Defendant Google LLC** (formerly Google Inc.) is a corporation organized under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043 (hereinafter referred to as **Google or Defendant**). Google does business in the Northern District of California.

## JURISDICTION AND VENUE

3. This is an action for copyright infringement arising under the copyright law of the United States, Title 17, United States Code. Jurisdiction as to these claims is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391 and 1400(a).

5. This Court has personal jurisdiction over Google. Google is an American multinational technology company that specializes in Internet-related services and products, which include online advertising, a search engine, web-mapping service, a cloud computing, software and hardware. Google has conducted and does conduct business within the State of California and within this judicial district. Google, directly or through intermediaries, makes, distributes, offers for sale or license, sells or licenses, and advertises its products and services in the United States, the State of California, and the Northern District of California.

## INTRADISTRICT ASSIGNMENT

6. This is an intellectual property action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## BACKGROUND

**CHRONOLOGY OF EVENTS**

7. August 26, 2013: Vitaly Pilkin created a nondramatic literary original work named as "MAP IN THE INFORMATION AND TELECOMMUNICATIONS NETWORK" (hereinafter referred to as **the work**). The work discloses in writing (text form) a set of new features of an interactive map that overcome some

disadvantages of existing interactive maps such as Google Maps and others. Vitaly Pilkin has exclusive rights to the work. The work is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*.

8. August 26, 2013: the Russian Authors' Society registered the work and in confirmation issued a certificate of deposit of the work.

9. September 02, 2013: Vitaly Pilkin sent by mail to Moscow office of Google in Russia (7, Balchug Street, 115035, Moscow, Russia) description of the work and a proposal to buy exclusive rights on the work.

10. November 22, 2013: Vitaly Pilkin sent by mail to Google (1600 Amphitheatre Parkway Mountain View, CA 94043, USA) description of the work and a proposal to buy exclusive rights on the work.

11. September 18, 2020: Vitaly Pilkin once again sent by mail to Moscow office of Google in Russia (7, Balchug Street, 115035, Moscow, Russia) description of the work and a proposal to buy exclusive rights on the work.

12. September 30, 2020: Vitaly Pilkin discovered that Google, without his authorization, transformed and adapted his work into Goggle Maps and displays such derivative work in its Google Maps for the public domain around the world.

**FACTS OF COPYRIGHT INFRINGEMENT**

13. Google Maps is a web mapping service developed and operated by Google since 2005. Google Maps has the URL https://www.google.com/maps and accessible for the public domain around the world. From a date not presently known to Vitaly Pilkin, but after he submitted to Google description of the work (see above ¶¶ 9 and 10 of this Complaint), Google, without the license or any other authority of Vitaly Pilkin, prepared derivative work based upon the work and began to display such derivative work in its Google Maps for the public domain around the world. In particular, in the same way as disclosed in the work:

COMPLAINT

1  (a)  In Google Maps, symbols, designating state boundaries and boundaries of administrative areas, are animated images.

(b)  Symbols and names used in Google Maps in a graphic and/or text form(s) highlighted by that they change colors.

(c)  Symbols or names used in Google Maps in a graphic and/or text form(s) highlighted by that they decrease and increase.

(d)  Outlines of buildings and houses indicated in Google Maps are active links.

(e)  When clicking by a computer mouse, or a finger, or a stylus on the outline of a house (or building), which is the active link, at least one photo of the facade and/or the central part and/or the end part of the specified house (or building) are shown.

(f)  Active links in the form of icons are located in certain areas of panoramic images of Google Maps, for example, on the image of the facade or front part of a store, or a bar, or a coffee shop, or an office, or a bank office, or another entity, or a house (or building), or on the image of a window of house (or building). When clicking on the specified active link a user of Google Maps has the ability to get access to the website of a person or an entity, which is designated by that active link.

14. Such copyright infringement committed by Google is not fair use, since Google uses the work not for purposes such as criticism, comment, news reporting, teaching, scholarship, or research, but for purposes of private financial gain and commercial advantage.

**GOOGLE COMMITS COPYRIGHT INFRINGEMENT WILLFULLY**

15. In view of the above ¶¶ 7 – 10 and 13 of this Complaint, having read the content of the work and without any authorization by the copyright owner, Google knowingly, willfully and in violation of the Copyright Act prepared derivative work based upon the work and began to display such derivative work in its Google Maps for the public domain around the world. Pursuant to the Copyright Act, such use of the work by Google is nothing but willful copyright infringement committed by Google.

**GOOGLE COMMITS THE COPYRIGHT INFRINGEMENT FOR PURPOSES OF PRIVATE FINANCIAL GAIN AND COMMERCIAL ADVANTAGE**

16. Google Maps makes money through two primary revenue sources: (i) Local search advertising (ads): ads at the top of local business listings and custom branded map pins and (ii) Google Maps API & Partnerships: Google offers Maps API for a fee for other app developers and businesses.

17. Google's main source of earnings in Google Maps is payable local search ads. In particular, Google's webpages named as "Show local search ads on Google Maps - Google Ads Help", "About local search ads - Google Ads Help" and "About location extensions - Google Ads Help" describe benefits, rules and instructions for local search ads in Google Maps.

18. Features of Google Maps described in the above ¶¶ 13 (d), 13 (e) and 13 (f) of this Complaint are integral and indispensable elements for local search ads. Without using such features in Google Maps essential part of local search ads would have been impossible.

19. Features of Google Maps described in the above ¶ 13 of this Complaint improve functionality of Google Maps for local search ads. Using such features in Google Maps gives Google commercial advantage over those virtual maps that do not commit the copyright infringement.

20. In view of the above ¶¶ 15 - 19 of this Complaint, Google commits willful copyright infringement for purposes of private financial gain and commercial advantage.

**GOOGLE'S CONDUCT IS OUTRAGEOUS, FRAUDULENT, EGREGIOUSLY INSIDIOUS AND PARTICULARLY REPREHENSIBLE**

21. October 1, 2020: Vitaly Pilkin submitted to Google via Internet his report alleged Google's copyright infringement. Google confirmed receiving the report and assigned this report the following number: 8-9071000031079. This report contains the web link to Vitaly Pilkin's blog https://googleinfringescopyright.blogspot.com/ that contains detailed facts and evidence of willful copyright infringement committed by Google for purposes of private gain and commercial advantage as

COMPLAINT

5

well as the URL containing video that demonstrates the copyright infringement committed by Google. Google confirmed receiving this report.

22. October 10, 2020: Referring to No. 8-9071000031079, Vitaly Pilkin submitted to Google via email removals@google.com a request to stop copyright infringement. No reply.

23. December 2, 2020: DHL Express delivered to Google to the address: 1600 Amphitheatre Parkway Mountain View, CA 94043, USA Vitaly Pilkin's letter of demand to stop copyright infringement. This demand contains detailed facts and evidence of willful copyright infringement committed by Google for purposes of private gain and commercial advantage. No reply.

24. December 11, 2020: Google replied by email to Vitaly Pilkin's report alleged Google's copyright infringement dated October 1, 2020 and invited to send it the specific URLs for the content that infringed the copyright.

25. As of February 24, 2021: Google continues to commit the copyright infringement, ignore Vitaly Pilkin's requests to stop copyright infringement and realize unjust financial gain and commercial advantage.

26. In view of the above ¶¶ 15 – 25 of this Complaint, such conduct of Google is outrageous, fraudulent, egregiously insidious and particularly reprehensible and constitutes also the violation of 17 U.S.C. §506(a)(1)(A).

**LEGAL MATTERS**

27. In accordance with the Berne Convention for the Protection of Literary and Artistic Works (**Berne Convention**), all party countries must recognize the copyright of works of authors from every other Berne Convention country. The United States is a contracting Party since 1989. Since the work was registered in the Russian Federation, then the work is a foreign work.

28. Pursuant to 17 U.S.C. §106 (2) and (5), the owner of copyright has the exclusive rights to authorize any prepare derivative works based upon the copyrighted work and to display the copyrighted work

publicly. Pursuant to 17 U.S.C. §501 (a), "Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 … is an infringer of the copyright or right of the author, as the case may be".

29. Pursuant to 17 U.S.C. § 411, for foreign works, there is no need to register the copyright claim at the Copyright Office in order to file an infringement lawsuit in the United States.

30. Pursuant to 17 U.S.C. §501 (b), "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right .. ."

31. Pursuant to 17 U.S.C. §507 (b), "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued". The copyright owner has actual knowledge of the infringement on September 30, 2020 (see above ¶ 12 of this Complaint).

32. Pursuant to 17 U.S.C. §504(c)(1), the copyright owner is entitled to recover an award of statutory damages for copyright infringement. Pursuant to 17 U.S.C. §504(c)(2), "In a case where… the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000".

**PRAYER FOR RELIEF**

**Wherefore,** Plaintiff respectfully prays for relief and judgment as follows:

A. Entry of judgment holding Google liable for willful infringement of the copyright committed for purposes of Google's private financial gain and commercial advantage;

B. An order permanently prohibiting Google, its officers, agents, servants, employees, attorneys and affiliated companies, its assigns and successors in interest, and those persons and companies in active concert or participation with it, the copyright infringement inside and outside the United States of America;

C. An order awarding Plaintiff statutory damages in the amount of $150,000 for willful copyright infringement committed by Google;

D. An order awarding Plaintiff prejudgment and post-judgment interest as provided by law;

E. An order awarding punitive damages;

F. An order awarding Plaintiff such other and further relief as this Court finds just and proper.

Dated: February 24, 2021

Respectfully submitted,

Vitaly Pilkin

Plaintiff Pro Se

1/1, Vereskovaya Street, apartment 111,
Moscow, 129329,
Russian Federation,
Phone: +79852225545.
E-mail: vitalypilkin@gmail.com

COMPLAINT