# NOTICE RE TELEPHONIC APPEARANCE PROCEDURES FOR MAGISTRATE JUDGE DONNA M. RYU

## I. POLICY GOVERNING TELEPHONIC APPEARANCES

A party representative (or a party if *in pro* se) generally must appear in person for a hearing or case management conference. Permission to attend by telephone may be granted, in the Court's discretion, upon written request made at least two weeks in advance of the hearing if the Court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective hearing or conference. The facts establishing good cause must be set forth in the request. All telephonic appearances must be made through **CourtCall**, an independent conference call company, pursuant to the procedures set forth in Section II. If an individual schedules a telephonic appearance and then fails to respond to the call of a matter on calendar, the Court may pass the matter or may treat the failure to respond as a failure to appear. Scheduling simultaneous telephonic appearances in multiple courts does not excuse a failure to appear. Individuals making use of the conference call service are cautioned that they do so at their own risk. Hearings generally will not be rescheduled due to missed connections.

## II. SCHEDULING A TELEPHONIC APPEARANCE.

**By Telephone:** Absent an emergency, telephone appearances may be arranged by calling **CourtCall at (866) 582-6878 at least three business days** prior to the hearing date.

## III. PROCEDURE FOR TELEPHONIC APPEARANCE.

CourtCall will provide counsel with written confirmation of a telephonic appearance, and give counsel a number to call to make the telephonic appearance. It is counsel's responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing.

**CourtCall does not place a call to counsel.**

You are responsible for making payment arrangements with CourtCall. If you do not timely call and connect with the CourtCall operator, you will be billed for the call and the hearing may proceed in your absence.

Telephonic appearances are connected directly with the courtroom's public address system and electronic recording equipment so that a normal record is produced. To ensure the quality of the record, the use of car phones, cellular phones, speakerphones, public telephone booths, or phones in other public places is prohibited except in the most extreme emergencies. Participants should be able to hear all parties without difficulty or echo.

At the time of your hearing, you may initially be in the listening mode in which case you will be able to hear the case before yours just as if you were in the courtroom. After your call is connected to the courtroom, the Judge will call the case, request appearances, and direct the manner in which the hearing proceeds. Each time you speak, you should identify yourself for the record. The court's teleconferencing system allows more than one speaker to be heard, so the Judge can interrupt a speaker to ask a question or redirect the discussion. When the Judge informs the participants that the hearing is completed, you may disconnect and the next case will be called.

Telephonic appearances by multiple participants are only possible when there is compliance with every procedural requirement. Sanctions may be imposed when there is any deviation from the required procedures or the Court determines that a person's conduct makes telephonic appearances inappropriate. Sanctions may include dropping a matter from calendar, continuing the hearing, proceeding in the absence of an unavailable participant, a monetary sanction, and/or a permanent prohibition against a person appearing telephonically.

***Court Call Telephone Appearance Procedure***
3/6/2019

# STANDING ORDER FOR
# MAGISTRATE JUDGE DONNA M. RYU
(Revised February 16, 2021)

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at http://www.cand.uscourts.gov. Failure to comply may result in monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## CALENDAR DATES AND SCHEDULING

1. Civil motions normally are heard on the second and fourth Thursdays of the month at 1:00 p.m. Criminal motions are heard on the duty calendar when Judge Ryu is on criminal calendar duty. During non-duty months, criminal motions must be set through the courtroom deputy. Civil case management conferences are heard on the first, third, and fifth Wednesdays of the month at 1:30 p.m.

2. Parties should notice motions (other than discovery motions) pursuant to the local rules. Parties need not reserve a hearing date, but should confirm availability at http://www.cand.uscourts.gov by consulting Judge Ryu's calendar and scheduling notes. The court may reset hearing dates as needed. Parties seeking to enlarge a filing deadline by filing a motion for administrative relief pursuant to Civil Local Rule 7-11 should file the motion in advance of the filing deadline, rather than on the day a filing is due. Requests that, in effect, do not leave at least two weeks between the filing of the last brief and the scheduled hearing date are routinely denied.

3. For scheduling questions, please call Judge Ryu's courtroom deputy, Ivy Garcia, at (510) 637-3639.

## CONSENT CASES

4. In civil cases that are randomly assigned to Judge Ryu for all purposes, each party should file a written consent to the assignment of a United States Magistrate Judge for all purposes, or written declination of consent, as soon as possible. If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion. In no event shall the consent or declination be filed later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

## CHAMBERS COPIES AND PROPOSED ORDERS

5. Unless superseded by a General Order, parties must lodge an extra paper copy of certain filings pursuant to Civil L.R. 5-1(e)(7) and 5-2(b). The filings should be marked as a copy for "**DMR Chambers**." All chambers copies should be double-sided (when possible), three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page. All exhibits shall be clearly delineated with labels along the right side. If the filing includes exhibits over two inches thick, the parties shall place the chambers copy in a binder.

6.      Any stipulation or proposed order submitted by an e-filing party shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the court.

**CIVIL CASE MANAGEMENT**

7.      No later than seven days before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Court's Standing Order for All Judges of the Northern District of California governing "Contents of Joint Case Management Statement," available on the Court's website.

8.      Parties may not continue a case management conference without court approval. Each party shall be represented in person (or on camera, in the case of a video conference) at the Case Management Conference by counsel (or a party if self-represented), who shall (1) be prepared to address all of the matters referred to in the Northern District of California's standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order. Permission for a party to attend by telephone may be granted, in the court's discretion, upon written request made with reasonable advance notice if the court determines that good cause exists. The facts establishing good cause must be set forth in the request.

9.      All hearings and case management conferences are audio recorded. They are not necessarily reported by a court reporter. Parties may request a copy of audio recordings or transcriptions by following the procedures set forth at http://cand.uscourts.gov/transcripts.

10.     ECF Filings: All exhibits to motions and/or discovery disputes should be separately filed on ECF (for example, if the motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on). **All exhibits shall also be filed in a searchable OCR format where possible.**

11.     Motions to File Under Seal: Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5.

The parties need not file paper copies of the administrative motion to seal with the clerk's office. The parties only need to submit chambers copies of the administrative motion to seal and related filings. Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration, although chambers copies should clearly delineate which portions are confidential (via highlighting). Chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded. If the parties wish to dispose of documents filed under seal in some other way, they must expressly indicate as much in their sealing motion and make arrangements to pick up the documents upon disposition of the motion.

12.     Litigants and lawyers may provide their pronouns by filing a letter or adding the pronouns in the name block on the pleadings.

**CITATION TO UNPUBLISHED CASES**

13.     If a party cites an unpublished case, the court generally prefers Westlaw citations. If the Westlaw citation cannot be provided, the party should include the case number, court name, and exact date of publication in the citation.

**CIVIL DISCOVERY**

14.     In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure. The parties shall not file formal discovery motions. Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements. The meet and confer session must **be in person or by telephone**, and may not be conducted by letter, e-mail, or fax. If disagreements remain, the parties shall file a joint letter **no later than five business days** after the meet and confer session, unless otherwise directed by the court. **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter. **The letter must also include a paragraph listing relevant case management deadlines**, including (1) the fact and expert discovery cut-off dates; (2) the last day to hear or file dispositive motions; (3) claim construction or class certification briefing deadlines and hearing dates; and (4) pretrial conference and trial dates. **Going issue-by-issue**, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and **provide each party's final proposed compromise** before moving to the next issue. The joint letter shall not exceed **five** pages (12-point font or greater; margins no less than one inch) without leave of court. **Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.** In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed **two** pages, which shall include an explanation of why a joint letter was not possible. The parties shall submit one exhibit that sets forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto. No other information shall be included in the exhibit. No other exhibits shall be submitted without prior court approval. The court will review the submission(s) and determine whether formal briefing or proceedings are necessary. **Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related Filings > Motions - General > "Discovery Letter Brief".**

15.     The court expects counsel to appear in person at discovery hearings, or on camera if the hearing is conducted by video. This provides the opportunity to fully engage counsel in resolving aspects of the dispute. Permission to attend by telephone may be granted upon advance written request if the court determines that good cause exists. The facts establishing good cause must be set forth in the request.

16.     If parties believe a **protective order** is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/model-protective-orders). Parties shall file one of the following with their proposed protective order: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.

17.     If a party withholds responsive information by claiming that it is privileged or otherwise protected from discovery, that party shall produce a **privilege log** as quickly as possible, **but no later than fourteen days after its disclosures or discovery responses are due**, unless the parties stipulate to or the Court sets another date.  Privilege logs must be sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified.  Unless the parties agree to alternative logging methods, the log should include: (a) the title and description of the document, including number of pages or Bates-number range; (b) the subject matter addressed in the document; (c) the identity and position of its author(s); (d) the identity and position of all addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and (f) the specific basis for the claim that the document is privileged or protected.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.  Failure to timely furnish a privilege log may be deemed a waiver of the privilege or protection.

### SELF REPRESENTED (PRO SE) PARTIES

18.     Parties representing themselves should visit the Quick Link titled "If You Don't Have a Lawyer" on the Court's homepage, http://cand.uscourts.gov/proselitigants. The link discusses the Court's "Legal Help Center" for self-represented parties, and provides addresses and contact information for the three branches, which are located in the San Francisco, Oakland and San Jose courthouses.

### LAWYER DEVELOPMENT

19.     The court strongly encourages parties to contribute to the development of the bar by permitting less experienced lawyers and lawyers from historically under-represented groups to argue motions, have a significant participatory role in settlement conferences, and examine witnesses at trial.

IT IS SO ORDERED.

DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiff,<br><br>v.<br><br>Defendant. | Case No. C-xx-xxxxx (DMR)<br><br>**NOTICE OF SETTLEMENT CONFERENCE AND SETTLEMENT CONFERENCE ORDER (REV. 3/6/19)** |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter was referred to Magistrate Judge Donna M. Ryu for settlement purposes. You are hereby notified that a settlement conference is scheduled for __, **at ____a.m.**, at the U.S. District Court, 1301 Clay Street, Oakland, California 94612. For courtroom number and floor information, please check the court's on-line calendar at http://www.cand.uscourts.gov on Friday, prior to the scheduled hearing date.

If all parties, counsel, and other mandatory attendees are **not** available on the above date, counsel shall notify the court in writing **within 3 business days.** The parties should be mindful of any time limits set by the judge to whom the case is assigned. **If written notice is not provided within 3 business days, the settlement conference date as stated above shall remain in effect.**

It is the responsibility of counsel to ensure that whatever formal or informal discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference.

**A.**     **Meet and Confer Requirement.**

No later than **fourteen (14) calendar days before** the settlement conference and prior to the preparation of their Exchanged Settlement Conference Statements and Confidential Settlement Letters, counsel for the parties must meet and confer (in person or by phone) to discuss matters

pertinent to improving the prospects that the settlement negotiations will be productive. During the meet and confer, counsel may address any subjects they feel are appropriate, but they **must** discuss the following:

1. Who will attend the conference on behalf of each party, including counsel and identification of the person(s) with full authority to make the final decision as to whether any settlement offer is made, accepted, or rejected (e.g., either the party or another person(s) if full authority does not rest with the party).

2. Which persons or entities must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of any such approval process.

3. Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; and if insurance is available, the name of and position held by each claims representative who will be attending the settlement conference.

4. Whether it would be useful for settlement demands and/or offers to be made before the settlement conference is convened.

5. Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

6. Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel should be alerted to before the conference.

**B.    Lodged Settlement Conference Documents.**

**No later than ten (10) calendar days prior to the settlement conference**, each party shall submit the following:

(1) an **Exchanged Settlement Conference Statement**; and

(2) a **Confidential Settlement Letter.**

**A hard copy of each** document shall be **LODGED (not filed)** with the U.S. District Court Clerk's Office in **Oakland**, located at 1301 Clay Street, Suite 400S, 4th Floor, Oakland, California

2

94612.  The documents shall be submitted in a sealed envelope addressed to Magistrate Judge Ryu and prominently marked "**SETTLEMENT CONFERENCE DOCUMENTS - DO NOT FILE.**" **In addition** to the hard copy version, **an electronic copy** shall be submitted to **DMRsettlement@cand.uscourts.gov.**

      1.      **Exchanged Settlement Conference Statements.**

Counsel **shall serve** a copy of the Settlement Conference Statement on all parties. Furthermore, counsel are **strongly encouraged** prior to the settlement conference to share with their clients the contents of the Settlement Conference Statement(s) received from opposing counsel.

The Settlement Conference Statement shall not exceed ten (10) pages of text.  Parties are encouraged to include as exhibits any key documents and deposition excerpts up to twenty (20) pages.  The Settlement Conference Statement **shall include** the following:

      a.      A brief statement of the facts of the case.

      b.      A brief statement of the **principal** claims and defenses.

      c.      A description of the **key** factual and legal issues that are in dispute and a plain and concise statement of the **specific** evidence relevant to their determination.  Portions of any exhibits relied upon by the parties shall be referenced and highlighted.

      d.      A summary of the proceedings to date and a description of any pending motions.

      e.      The bases for any damages calculations and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands.

      f.      A description of each component of each party's most recently communicated settlement demand or offer (describing specifically any non-monetary terms that were demanded or offered).

      g.      For each party, a list of the names, titles, and positions of all persons who will be attending the conference.

      h.      Where the party is a governmental entity, a description of which persons or entities must approve a proposed settlement agreement before it can be executed, as well as the

nature and duration of that approval process.

2. **Confidential Settlement Letters.**

The Confidential Settlement Letter **shall not be served** upon other parties. The Confidential Settlement Letter shall not exceed five (5) pages of text and **shall include** the following:

a. Separately for each principal claim and defense, a forthright evaluation of the strengths and weaknesses and likelihood that the party submitting the Confidential Letter will prevail. Citations to any key legal authorities relied upon by the parties as part of this evaluation shall be provided.

b. An estimate of the out-of-pocket expenses, attorneys' fees, and time: (a) **spent to date** and (b) **to be expended** for further discovery, pretrial, and trial. If plaintiff seeks attorneys' fees and costs, plaintiff's counsel shall be prepared at the conference to provide sufficient information to enable the fee claim to be evaluated for purposes of settlement.

c. A history of past settlement discussions (without revealing communications whose disclosure to a settlement judge is prohibited), a description of the principal obstacles (factual, legal, or other) to reaching agreement, and the reason the parties' assessments of the settlement value of the case differ.

d. A realistic settlement figure or terms (including any non-monetary terms) that, given all the circumstances, the party submitting the Confidential Letter would consider seriously.

e. Where the party is insured or is a governmental entity, any foreseeable barriers to insurance coverage or approval of a proposed settlement, or special concerns that the insurer or governmental entity might want addressed.

f. A brief discussion of any of the subjects identified in Section A of this Order that might be significant in the settlement dynamic.

C. **Mandatory Personal Attendance.**

**Lead trial counsel** shall appear at the settlement conference with the **parties and with the person(s) having full authority** to make the final decision as to whether any settlement offer is

4

made, accepted, or rejected (if full authority does not rest with the party). A person who needs to call another person not present before making, accepting, or rejecting any settlement offer does **not** have such full authority. If a party is a **governmental entity**, its governing body shall designate one of its members or a senior executive to appear at the settlement conference with authority to participate in the settlement conference and, if a tentative settlement agreement is reached, to recommend the agreement to the governmental entity for its approval. An **insured party** shall appear with a representative of the carrier with **full authority to negotiate up to the limits of coverage**.

Personal attendance is mandatory and will rarely be excused by the court, and then only upon a written request that is timely under the circumstances and that demonstrates extraordinary hardship. Personal attendance may be excused only upon written authorization from the court. If the court permits attendance by telephone, the person who is excused from personally appearing must be available to participate by telephone throughout the entire conference.

### D.  Duration and Content of Settlement Conference.

It is not unusual for settlement conferences to last three (3) or more hours. Parties and their representatives should be prepared to devote the entire day to the conference if necessary. Parties are encouraged to participate in the settlement conference and frankly discuss their case. Statements they make during the conference will not be admissible at trial in the event the case does not settle. The parties and their representatives should be prepared to discuss such issues as their settlement objectives; any impediments to settlement they perceive; whether they have enough information to discuss settlement and if not, what additional information is needed; and the possibility of a creative resolution of the dispute.

### E.  Continuances.

Any request to continue the settlement conference shall state the reason therefor and be submitted in writing as soon as possible after consultation with the opposing party but well in advance of the scheduled conference date. The request must demonstrate **a compelling reason for a continuance and shall state whether it is joined or opposed by the other party(ies).** Submission of such request shall be **filed** with the court. **Parties must appear on the calendared**

5

**date unless the court issues an Order continuing the matter.**

If the date to which a continuance is sought would be past a deadline for holding the settlement conference that was set by the judge to whom the case is assigned for trial, the party seeking the continuance must secure permission from the trial judge to hold the settlement conference during the proposed new time frame **before seeking the continuance from Judge Ryu.** A writing evidencing the trial judge's extension of the deadline must accompany the party's request to Judge Ryu for the continuance.

The parties shall immediately notify Judge Ryu's Courtroom Deputy, Ivy Garcia, at (510) 637-3639, if this case settles prior to the date set for the settlement conference.

Any failure to comply with the requirements of this Order may subject the parties and/or counsel to sanctions.

**IT IS SO ORDERED.**

Dated:

_____
DONNA M. RYU
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES
# OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

*Effective November 1, 2018*

12. <u>Settlement and ADR:</u> Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes:</u> Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. <u>Other References:</u> Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u> Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure:</u> Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling:</u> Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial:</u> Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u> Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

20. <u>Professional Conduct:</u> Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

## STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA
## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

*Effective November 1, 2018*

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

20. Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.