UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALY PILKIN,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 21-cv-01483-DMR<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Plaintiff Vitaly Pilkin, representing himself, filed this case on March 1, 2021, alleging a claim for copyright infringement against Google LLC. Pilkin filed a first amended complaint on June 21, 2021. [Docket No. 14 ("FAC").] Google now moves to dismiss the FAC.[1] [Docket Nos. 19 ("Mot."); 28 ("Reply").] Pilkin opposes. [Docket No. 25 ("Opp.").] The court held a hearing on August 12, 2021.

For the reasons stated below, the motion is granted.

**I.    BACKGROUND**

The following facts are alleged in the FAC. Pilkin is a citizen of Russia. FAC ¶ 1. On August 26, 2013, Pilkin "created a nondramatic literary original work," which he titled "Map in the

---

[1] Pilkin argues that Google's motion is an inappropriate motion for reconsideration, pointing out that the court already denied Google's first motion to dismiss. Opp. at 19. This is incorrect. The court denied the first motion as moot because Pilkin filed an amended complaint after the motion was filed. *See* Docket Nos. 14, 15. The court never reached the merits of Google's first motion to dismiss.

Pilkin also filed objections to Google's reply brief, arguing that it inappropriately contained new evidence. *See* Docket No. 29; *see* Civil L.R. 7-3(b) ("If new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed . . . stating its objections to the new evidence . . . ."). The objections are overruled. Google did not submit any evidence on reply, much less new evidence. It merely cited additional cases in support of its existing arguments. This is not prejudicial to Pilkin because he was already aware of those arguments and had the opportunity to rebut them with his own authority.

Information and Telecommunications Network." *Id.* ¶ 8; *see* Mot., Ex. A (the "Work").[2] The work describes various features of a hypothetical interactive map, including:

> (a) On a virtual map, symbols designating cities, settlements, state boundaries, boundaries of administrative territories are animated images.
>
> (b) Symbols or names used on the interactive map in text and / or graphic form are highlighted on the interactive map by changing color (s) or decreasing and increasing.
>
> (c) Denoted on the interactive map objects such as outlines of houses and buildings are active links. When clicking by the cursor or finger or stylus on the outline of a house or building (which is an active link), at least one photo of the facade and / or central part and / or end part of the specified house / building are shown.
>
> (d) In certain places of the panoramic images of the interactive map, active links are placed in the form of icons, for example, on the image of the facade or window of a store or bar or cafe or bank or office or other institution, on a house (building), on a balcony, on a window of a house (building). When clicking on the specified active link, the user of the interactive map has the opportunity to get to the website of that person or institution, which is designated by the indicated active link.

*Id.*

On September 2, 2013, Pilkin sent a description of the Work to Google's Moscow office, along with a proposal that the company buy exclusive rights in the work. *Id.* ¶ 10. The Moscow office did not respond to Pilkin. *Id.* On November 22, 2013, Pilkin sent a description of the proposal to Google's offices in Mountain View, CA, along with the same proposal for exclusive rights. *Id.* ¶ 13. Google again did not respond. *Id.* Pilkin tried to pitch his proposal to other companies—including Yandex LLC, Microsoft, and Nokia—but no one responded to him. *Id.* ¶ 12. On September 18, 2020, Pilkin once again contacted Google's Moscow office with the proposal; the company again did not respond. *Id.* ¶ 13.

On September 30, 2020, Pilkin discovered that Google uses the features described in the Work in its online mapping platform, Google Maps. FAC ¶¶ 14, 21. For example, Google Maps

---

[2] Although the Work is not attached to the FAC, the court may consider it on a motion to dismiss under the incorporation by reference doctrine. *See Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1162–63 (9th Cir. 2019) (stating that a court can consider a document on a motion to dismiss if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim" (internal quotation marks and citation omitted)).

2

uses "animated images" to "designat[e] state boundaries and boundaries of administrative areas," which is a feature identified in the Work. *Id.* ¶ 21. On October 1, 2020, Pilkin reported to Google that its use of his Work constitutes copyright infringement. *Id.* ¶ 15. Google confirmed receipt of the report. *Id.* Pilkin submitted at least two more complaints to Google about the alleged copyright infringement. *Id.* ¶¶ 16-17. Allegedly, Google's unlawful use of the Work is ongoing. *Id.* ¶ 19.

Pilkin alleges a single claim for copyright infringement.

## II. LEGAL STANDARD FOR RULE 12(B)(6) MOTIONS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the

3

complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

## III. DISCUSSION

"[T]he owner of copyright . . . has the exclusive rights to do and to authorize . . . distribut[ing] copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . ." 17 U.S.C. § 106. To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In ruling on a motion to dismiss a copyright infringement claim, a court must determine whether the plaintiff has sufficiently alleged that the work at issue is entitled to copyright protection. *See Daniels v. Walt Disney Co.*, 958 F.3d 767, 771 (9th Cir. 2020) (affirming a district court's dismissal of a complaint that failed to adequately plead the existence of copyrightable material). Copyright protection does not extend to "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b); *see also Feist Publications, Inc.*, 499 U.S. at 344-45 ("The most fundamental axiom of copyright law is that no author may copyright his ideas or the facts he narrates." (cleaned up)). Only "a particular expression of an idea may be copyrighted." *Signo Trading Int'l Ltd. v. Gordon*, 535 F. Supp. 362, 365 (N.D. Cal. 1981).

In this case, Pilkin asserts that the Work is a "nondramatic literary original work." FAC ¶ 8. "Literary works" are an enumerated copyrightable subject matter under the Copyright Act. 17 U.S.C. § 102(a)(1). They are defined as "works, other than audiovisual works, expressed in words, numbers, or other verbal or numerical symbols or indicia, regardless of the nature of the material objects, such as books, periodicals, manuscripts, phonorecords, film, tapes, disks, or cards, in which they are embodied." 17 U.S.C. § 101. Google moves to dismiss the FAC on the basis that Pilkin is improperly seeking copyright protection for ideas and functional concepts. Mot. at 5-6. It argues that Pilkin has at most pleaded a protectable interest in the three-page essay constituting the Work, but has not adequately alleged that Google copied any protected portion of that Work in creating Google Maps. *See* Reply at 1.

Works that have "strong functional elements" receive less protection than works of fiction. *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1524 (9th Cir. 1992), *as amended* (Jan. 6, 1993). For example, a written work describing a system (either existing systems or entirely new ones) does not convey to the author "the exclusive right to the art or manufacture described therein." *Baker v. Selden*, 101 U.S. 99, 102 (1879) (holding that a book describing a peculiar system of bookkeeping was not subject to copyright protection). While the book explaining a process or design is itself copyrightable, "[t]he use of the art is a totally different thing from a publication of the book explaining it." *Advanz Behavorial Mgmt. Res., Inc. v. Miraflor*, 21 F. Supp. 2d 1179, 1183 (C.D. Cal. 1998); *see Sega Enterprises Ltd.*, 977 F.2d at 1525 (citing "the basic structural concepts embodied in architectural plans" as an example of a system that is not protected under copyright law). "[C]ourts have routinely held that the copyright for a work describing how to perform a process does not extend to the process itself." *Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1037–38 (9th Cir. 2015) (citing cases). To the extent that such processes are protected at all, it must be under patent law. *See id.* at 1039 (citing *Baker*, 101 U.S. at 105); *see also Sega Enters. Ltd.*, 977 F.2d at 1526 ("In order to enjoy a lawful monopoly over the idea or functional principle underlying a work, the creator of the work must satisfy the more stringent standards imposed by the patent laws.").

Here, Pilkin seeks copyright protection for a written Work describing various alternative processes of implementing an interactive map. For example, the Work explains that "[s]ymbols or names used on an interactive map" may be displayed "in a text *and/or* graphic form(s)," "permanently *or* temporarily highlighted" such that they "change . . . color(s) *or* font, *or* they blink *or* fluctuate, *or* decrease and increase." Work at 2 (emphasis added). Other potential features are described as "optional." *See id.* at 3. Essentially, the Work describes a wide range of possible expressions of the features described in it but does not actually convey any particular expression of those features. Thus, contrary to Pilkin's assertions, the Work only contains unprotectable ideas. The authorities cited above make clear that, while a written essay itself may be protected, the ideas and processes it describes cannot.

The authority relied on by Pilkin does not change this outcome. He cites *Mason v.*

5

*Montgomery Data, Inc.* for the general proposition that a particular expression of an idea is protected by copyright law if it is not the only way to express that idea. *See* 967 F.2d 135, 139 (5th Cir. 1992). *Mason* examined the "merger doctrine," which provides that if an expression cannot be separated from its underlying idea, the expression is not protected. *Id.* at 138-39. In that case, for example, the plaintiff created a series of real estate ownership maps that pictorially portrayed the "location, size, and shape of surveys, land grants, tracts, and various topographical features within the country." *Id.* at 136. The Fifth Circuit determined that the ideas embodied in the maps could be expressed in a variety of ways and so the merger doctrine did not apply. *Id.* at 141. *Mason* is does not apply here because the merger doctrine is not at issue in this case. The problem with Pilkin's position is not that his expression of certain ideas merges with the underlying ideas; instead, as explained above, the problem is that the Work does not convey any particular expression at all. It only describes many ways in which the ideas contained in it could be expressed.

In sum, Pilkin has not adequately pleaded that he created any copyrightable expression of the ideas contained in the Work. Accordingly, the FAC fails to state a claim for copyright infringement. The Work is not subject to copyright protection, and Pilkin cannot fix this fundamental problem. Therefore, amendment is futile. The case is dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, Google's motion to dismiss is granted with prejudice. The Clerk shall enter judgment for Google and against Pilkin and close this case.

**IT IS SO ORDERED.**

Dated: August 13, 2021



Donna M. Ryu
United States Magistrate Judge